No. 317

ZINSER v. DORNETTE et al

Cincinnati Superior Court

No. 58890.Decided March 10, 1924

367. DEEDS—Tender by executors, having no power to sell by will or having taken no prerequisite steps to obtain judicial authority therefor, of warranty deed signed by heirs backed by guaranty against will contest, held not offer to convey marketable title.

MARX, J.                    Epitomized Opinion

Published Only in Ohio Law Abstract

D. died owning real estate and leaving a will which was probated March 15, 1923. On May 7, 1923, plaintiff entered into a contract with the executors named in the will to purchase said real estate for $29,500 and paid $1,000 as advance money. The contract provided: "balance to be paid when title is found good and clear." When the title was examined it was found. 1. The will not not give the executors any power of sale. 2. The deceased left 14 children surviving him and the will specifically disinherited one of these children 3. The residue of the estate was left to the remaining children of the deceased and to the minor children of two deceased daughters and no authority existed for the sale of the interests of such minor heirs.

Plaintiff refused to accept a deed of general warranty, signed by the executors, the widow, all the adult children except the disinherited son, and an offer to commence proceedings for the sale of the interests of the minor children, backed by a guarantee of title by the Guarantee Title and Trust Co. to protect plaintiff against a possible contest of the will or of any other defect of title. Plaintiff brought this action to recover the $1,000 advanced by him. Defendants cross petitioned for $1,430 damages for breach of contract. Held:

"Good and clear" title requires the seller to convey a marketable title. A marketable title was not tendered by defendants in this case because:

1 The executors were granted no power to sell under the will. The Ohio statutes povide that under certain circumstances executors may sell the real estate after certain specified steps have been perfected. None of these steps necessary to secure authority to sell real estate of the deceased were taken in this case and there is no assurance that if a proper proceeding were brought to obtain such authority that the court would grant such authority.

2. There was a want of authority to convey the interests of the minor heirs in this real estate. None of the provisions of the statutes for the sale of the interests of the minor heirs have been complied with and the defendants were, at the time of the tender of the deed, wholly unable to convey the title to such minor heirs or to guarantee the approval of the court to such sale.

3. The period of one year for a contest of the will has not elapsed and there is a possibility that the disinherited son may begin a suit for that purpose. It is true that such a contest would not affect the title if the executors had proper authority to sell, but for the reasons given they did not have such authority.

4. A purchaser cannot be compelled to accept indemnity, security or insurance as a substitute for a marketable title.

Judgment for plaintiff for $1,000.

Attorneys—C. C. McGary, for Zinser; Galvin & Bauer, for Dornette; all of Cincinnati.